Jesus Eduardo Arias, Esq. LL.M. [SBN 293983]
1150 S. Olive St. Sixth Floor
Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel: (323) 815 9450 | Fax: (323) 375 1196
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABRIEL ALEJANDRO GARCIA and MARIEL GARCIA MORA,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GEO GROUP, INC., WELLPATH LLC, and DOES 1-100, Inclusive,<br><br>Defendants, | **Case No. 5:25-cv-03614-KK-DTB**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**1.** Negligence – (Wrongful Death)<br>**2.** Negligent Hiring, Training and Supervision of employees and independent contractors<br>**3.** Intentional Infliction of Emotional Distress<br>**4.** Violation of California Government Code §7320<br>**5.** Violation of CA Civil Code § 52.1 *(The Tom Bane Civil Rights Act)*<br><br>**[DEMAND FOR JURY TRIAL]** |

## INTRODUCTION

Plaintiffs GABRIEL ALEJANDRO GARCIA and MARIEL GARCIA MORA, individually for their own individual wrongful death rights, and as successors in interest

to their deceased father GABRIEL GARCIA AVILES, through the undersigned counsel, bring a complaint for wrongful death damages and for survival claim damages against the Defendants named above based on the following legal considerations.

## I. JURISDICTION AND VENUE

1. This Court has original jurisdiction over the present action based on 28 U.S. Code §1332 because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000. The Plaintiffs are citizens of the State of California and the Defendant GEO is a Florida corporation with its principal headquarters and place of business located in Boca Raton, Florida.
2. Upon Plaintiff's information and belief at the time of the initiation of this action, Defendant Wellpath LLC., is a for-profit company headquartered in Franklin, Tennessee. The amounts in controversy for damages exceeds $75,000.
3. Venue in this Court is proper under 28 U.S.C. because the incidents and wrongful conduct of the Defendants occurred in this District. A substantial part of the events acts or omissions giving rise to this matter occurred in Adelanto, California; within the geographical area covered by this District.

## II. THE PARTIES

4. **GABRIEL GARCIA AVILES** (hereinafter referred to as "**DECEDENT**") was a resident of Northridge, California. He had been living in the US for 36 years. Before his death, he worked at a car wash with a valid work permit. He was 54 years old at the time of his death on October 23, 2025. He died as explained below, as a result of Defendant's negligence and their deliberate indifference to his health when detained.
5. Plaintiff **GABRIEL ALEJANDRO GARCIA** is the son of the Decedent. He brings this action for wrongful death damages pursuant California Code of Civil Procedure §377.60. A Declaration under CCP § 377.32 is attached here as **EXHIBIT No. 1.**

6. Plaintiff **MARIEL GARCIA MORA** is the daughter of the Decedent. She brings this action for wrongful death damages pursuant California Code of Civil Procedure §377.60. A Declaration under CCP § 377.32 is attached here as **EXHIBIT No. 2.**
7. Plaintiffs **GABRIEL ALEJANDRO GARCIA** and **MARIEL GARCIA MORA** are hereinafter collectively referred to as "**THE PLAINTIFFS**".
8. Furthermore, pursuant to CCP §377.34 (b), **THE PLAINTIFFS** also bring a survival action as the proper legal representatives acting on behalf of the Decedent for all survival damages that the Decedent would be entitled under the law had he survived. The evidence will show that the Decedent suffered extremely high levels of pain, associated with serious infections caused or acquired as result of Defendants negligence. The pain and suffering pre death suffered by the Decedent is compensable under the laws of California CCP 377.34 (b).
9. Defendant **THE GEO GROUP INC.** (hereinafter referred to as "**GEO**"), at all times relevant to the complaint, is and was a for-profit corporation with its principal address located at 4955 Technology Way, Boca Raton, FL 33431.
10. At all times relevant to the complaint, **GEO** operated the ADELANTO ICE PROCESSING CENTER in Adelanto, California pursuant to contractual arrangements with local and federal government entities; including the City of Adelanto and U.S. Immigration and Customs Enforcement (ICE) & DHS. (Department of Homeland Security). The contract between GEO and ICE requires compliance with ICE's Performance Based National Detention Standards ("PBNDS").
11. The contracts also provide clearly that that Defendant **THE GEO GROUP INC.** is fully responsible for all the conditions of confinement at the Adelanto detention center where Decedent was detained. Thus, Defendant The Geo Group Inc., as an independent contractor assumes full responsibility and therefore liability for wrongful acts at Adelanto center. Furthermore, Defendant GEO Group is responsible for the hiring and supervision of guards, employees, and independent contractors such as WELLPATH LLC, in regards the custody care and protection of inmates – detainees.

12. Defendant **WELLPATH LLC** (hereinafter referred to as "**WELLPATH**"), formerly known as Correct Care Solutions, is a for-profit company headquartered in Franklin, Tennesseesub contracted by **GEO** to provide services of medical care, mental health, and other care (collectively referred as "healthcare") to the inmates housed at ADELANTO ICE PROCESSING CENTER.

13. Defendants **DOES 1-6** at all times relevant to the complaint, are and were for-profit companies sub contracted by **GEO** to provide services of medical care, mental health, and other care (collectively referred as "healthcare") to the inmates housed at ADELANTO ICE PROCESSING CENTER.

14. At all relevant times, Defendants **GEO**, **WELLPATH, and DOES 1-6** were responsible for assuring that the actions, omissions, policies, procedures, practices, training, supervision, monitoring, and customs of their employees, was in compliance with the laws of the United States and with the laws of the State of California. In furtherance and with respect and reverence for human life, human rights and fundamental freedoms. Including Constitutional Rights under 1st Amendment, 4th Amm. 14th Amendment, 5fth Amendment (due process) and 8th Amendment. (cruel punishment)

15. The true names and capacities of **DEFENDANTS DOES 7-100**, are unknown at this time to the PLAINTIFFS. Therefore, they are referred to in this complaint as DOE DEFENDANTS Inclusive. THE PLAINTIFFS will seek leave to amend their complaint to show the true names and capacity of those DEFENDANTS when they are ascertained. Each of the fictitiously named DEFENDANTS is responsible in some manner for the wrongful acts alleged herein that resulted in the Death of the Decedent.

## III. FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. The Plaintiffs incorporate by reference the previous paragraphs with the same legal effect as if they were fully alleged herein.

17. This case arises from the unlawful and negligent conduct of the Defendants that lead to the death of Mr. Garcia Aviles. Adelanto Processing center is now nationally recognized as one of this country's most abusive prisons facilities. It has gained notoriety as the "deadliest immigration detention center in the country" and it has been the subject of Congressional, State and Federal inquiries. Human Rights Watch has documented all manner of abuses there. Multiple persons have died in the most recent months due to the inhuman conditions of the facilities and inhuman treatment and conduct of the facilities personnel.

18. Mr. Gabriel Garcia Aviles, was a man with valid work permit, who committed no crime to be simply arrested wrongfully by ICE agents executing federal government policy orders violation of human rights and 4th amendment protections. (Racial profiling). He was arrested with no warrant by immigration officers on the street on October 14, 2025, in the city of Costa Mesa, California. He was taken into the **Adelanto ICE Processing Center** (Hereinafter referred also as the "Adelanto facility"), which is located in Adelanto, California. There, he remained under the custody, care, and supervision of the personnel employed and contracted by **GEO.**

19. **GEO** undertakes full responsibility for all detainees that receives from ICE arrests.

20. **GEO** Operates on a daily basis the facility pursuant their contractual agreements.

21. **GEO** subcontracts other companies to provide services of medical care, mental health, and other care to the inmates housed at the Adelanto facility.

22. The Plaintiffs allege that, when DECEDENT was processed and taken into the Adelanto facility, the Defendants failed to properly have and maintain the facility in good standard conditions as required by law, procedures, and as requested from DHS, including and not limited to proper screening of new detainees with respect to their health status and preexisting conditions that could cause risk of serious injury or death.

Further, proper diagnosis of medical condition(s), proper medical examinations in response to the DECEDENT's complaints, failure to provide proper medical prompt attention to treat DECEDENT's condition(s), failure to obtain DECEDENT's medical record history in order to determine an adequate health care plan for him.

23. In addition, Defendants further kept Decedent subject to the deplorable conditions as stated above, including lack of proper clean water, lack of proper healthy meals, lack of proper jail housing conditions, (extremely cold and dirty), lack of proper supervision. Including deliberate indifference by Adelanto's personnel while Decedent was under their custody-care.

24. As a result of the unhumanitarian conditions in which DECEDENT was being detained at the Adelanto facility, on October 15, 2025, DECEDENT was transferred to Victor Valley Global Medical Centerdue to tremors, difficulty walking, confusion, and generalized weakness. The Plaintiffs allege that, as soon as he was processed into the facility, the Defendants had a duty to act reasonably and timely in order to ascertain any condition that could place Decedent at risk. They failed to do so. They failed to evaluate and to assess the medical emergency conditions in which the detainee – decedent was being admitted as a new detainee due to his chronic ethanol use, at the time of his booking. And therefore, subsequently at all times, the defendants ignored the serious risk of death that alcohol withdrawal can cause.

25. The Decedent's death was preventable and therefore proximately caused by the series of negligent acts and omissions evidencing gross - deliberate indifference to the safety needs of the detainees as a matter of regular practices causing deaths like Decedent. The defendant's personnel acted within scope of their employment for Defendants GEO Group, WellPath, and DOES 1-6. This case represents another intentional disregard of the Adelanto processing center to respect their own policies and procedures, which require among others; 1) not to violate the individual guarantees and constitutional rights of inmates, 2) not disregard or be deliberately indifferent to serious medical emergency situations such as documented cases where there is risk

of illness or death. Failures to adhere their conduct to the requirements pursuant contracts with federal government-DHS.

26. On October 23, 2025, after being hospitalized for 8 days, the Decedent was declared dead by the hospital staff at Victor Valley Global Medical Center. Since he was transferred from the Detention center to the hospital, he never recovered. The cause of death, according to the Autopsy Report by the San Bernardino County Coroner's Dvision, was sequelae of chronic ethanol useHowever, due to the existence of signs of injuries, hematomas, and trauma on decedent's face- teeth, the cause of those injuries and the role they played in his death remains to be discovered.

27. Plaintiffs are informed and believe and thereon allege that at all times relevant, the DECEDENT's health was compromised, and began to deteriorate directly and proximately caused by the conditions of his detention. At all times, the Defendants were responsible for those conditions and for ensuring the safety of all detainees.

28. The Defendants failed to properly examine and respond to DECEDENT'S serious medical emergency while he was under their control. Their own rules and procedures for the handling of the detention of inmates, including the medical screenings and reasonable care to be provided were violated.

29. As a result of the Defendant's failure to act reasonably and prudently to the totality of the circumstances; including and not limited all of the above, and to follow policies in place and protocols, the DECEDENT was hospitalized and ultimately died. Thus, the Negligent handling of this situation by the Defendants was the proximate legal cause of Mr. Gabriel Garcia Aviles Death.

30. As a result of the Defendant's failure to act reasonably and prudently to the totality of the circumstances; including and not limited all of the above, and to avoid negligent hiring and supervision of employees and independent contractors, the DECEDENT was hospitalized and ultimately died. Thus, the negligent hiring and supervision of the Defendants was the proximate legal cause of Mr. Gabriel Garcia Aviles Death, and therefore the proximate cause of harm and damages to the decedent & plaintiffs.

31. The Plaintiffs act in their own individual capacity. Thus, the Plaintiffs seek wrongful death damages as provided by California Law, including and not limited to loss of love, affection, companionship, support, guidance, instruction.

The plaintiffs act also as successors in interest to Decedent's rights. Therefore, pursuant CCP 377.34 (b) they sue for Mr. Garcia Aviles' own pain and suffering prior to his death. And for all other applicable damages under the law.

**FIRST CLAIM FOR RELIEF**

**NEGLIGENCE – Wrongful Death under CA Civil Code §1714**

**(Against all Defendants)**

32. Plaintiffs allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

33. At all relevant times, the Defendants GEO, WELLPATH and DOES 1-100, as detention facility involved parties, owed a duty of care to the DECEDENT, to have and maintain reasonable conditions at their ADELANTO Facility in order to protect the well being of all persons being detained subject to immigration proceedings. Including the decedent. And including a duty to provide reasonable medical assessments, medical screenings, medical checks, medical care and attention to any and all conditions by any and all detainees while such persons were -are under their custody by orders of ICE – DHS. Cal Gov Code § 7320

34. The defendants breached their duties to Decedent.

35. Since October 14, 2025, and through October 23, 2025, Defendants willfully and/or negligently failed to provide DECEDENT with reasonable and proper medical attention that he needed while he was under their custody and supervision.

36. The Plaintiffs are informed, believe and therefore allege that, at all relevant times, Defendants GEO, WELLPATH and DOES 1-100 breached their duties of care by:

a) Failing to properly screen Decedent's medical condition at time of arrival.

b) Failing to properly assess and diagnose Decedent's medical conditions.

c) Failing to perform proper medical examinations in response to Decedent's complaints.

d) Failing to provide any proper medical attention to Decedent.

e) Failing to properly examine Decedent's medical condition.

f) Failing to properly medicate the Decedent.

g) Failing to provide adequate nutrition and adequate hydration to the Decedent.

h) Failing to provide reasonable supervision and management of Decedent's health care needs while he remained in custody at Adelanto facility.

i) Failing to obtain Decedent's medical record history in order to determine any adequate health care plan for individuals like Decedent with health issues.

j) Denying Decedent prompt and adequate access to medical care.

k) Failing to exercise that degree of care that a reasonable provider would exercise under similar circumstances, as a private jail prison contractor for ICE DHS.

37. Such of the above wrongful actions and omissions, among others, were made with deliberate indifference to a serious risk of death to Mr. Gabriel Garcia Aviles.

38. Hence, with their negligent actions and omissions, the Defendants breached their duties to act as reasonable persons and entities would do under similar circumstances. The irreversible result of their failure to exercise reasonable due care was the proximate legal cause of the Decedent's death and Plaintiffs' damages. The damages caused by the Defendants' negligence include but may not be limited to Wrongful Death Damages and Survival Pre-Death pain and suffering Damages. California Code of Civil Procedure *§ 377.34. (b)*

39. Thus, the Defendants are liable to the Plaintiffs for the wrongful death of their father, and for the survival damages caused to him during all the time[s] prior to his death.

40. The plaintiffs allege that, at all relevant times, GEO, WELLPATH and DOES 1-6 were the employers of Defendants DOES 7-100. Therefore, at all relevant times, they were acting within the scope of their employment. Thus, according to the generally known judicial doctrine of *Respondent Superior Liability*, GEO, WELLPATH AND

DOES 1-6 are vicariously liable for the wrongful conduct of their employees because they have been committed within the course and scope of their employment.

41. Each of the above actions and/or inactions affirmatively contributed to, was a substantial factor in, and proximately caused the Plaintiffs' harm. Including, the loss of love, loss of society, loss of comfort, attention, affection, solace, companionship, services, support of their father, in an unlimited set of general damages amount to be determined at trial.

42. Each of the above conduct by negligent actions and/or negligent omissions affirmatively contributed to, was a substantial factor in, and has proximately caused damages to the Plaintiffs (wrongful death) and to the Decedent, by way of all the pre-Death pain and suffering that he experienced in an agonizing sadly manner. Thus, the Plaintiffs bring a Survival Claim for Damages as the proper legal representatives acting on behalf of DECEDENT, for all pre death damages that he would be entitled under the law to recover had he survived from Defendant's Negligence Conduct.

## SECOND CLAIM FOR RELIEF

## NEGLIGENT HIRING, TRAINING AND SUPERVISION

## (Against Defendants GEO, WELLPATH and DOES 1-6)

43. Plaintiffs allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

44. At all relevant times, the Defendants GEO, WELLPATH and DOES 1-6, had a duty to interview, investigate, select, hire, retain, employ, train, supervise, and monitor qualified persons who could safely and reasonably provide services at "Adelanto".

45. Plaintiffs are informed and believe, therefore allege that Defendants GEO, WELLPATH and DOES 1-6, have breached the aforementioned duties by, among others:

a. Negligently interviewing, investigation, selecting, hiring, and retaining Defendant DOES 7-100 who were not reasonably qualified to provide reasonable and adequate services in a reasonable manner at Adelanto facility.

b. By negligently retaining Defendant DOES 7-100 when they became unsuitable/unfit to provide reasonable and adequate services with due care.

c. By negligently failing to properly investigate the qualifications and the background of Defendant DOES 7-100, who were not suitable/fit to provide services including health services to detainees in reasonable and proper manner.

d. By failing to ensure that Defendant DOES 7-100 did not possess qualities or characteristics which would make them more likely to act carelessly, negligently, and/or recklessly when

e. By not properly training its employees, including Defendant DOES 7-100 to act in an objectively and reasonably prudent manner in order to avoid causing damages, harm, serious injuries and death to others as a result of providing deficient services and due care for the detainees housed at Adelanto Proc. Ctr.

f. By failing to supervise and/or monitor Defendant DOES 7-100 concerning the lawful, proper, and objectively reasonable prudent manner to provide medical services to patients under their custody.

g. By negligently failing to ensure that there were proper safety rules, regulations, policies, guidelines, and procedures in place for the selection, hiring, retention, qualification, training, monitoring, and/or supervision of Adelanto's personnel.

h. By negligently failing to properly vet, select, hire, retain, qualify, train, monitor, and/or supervise their employees.

i. Otherwise acting without the reasonable due care required under the law and within similar standards, for the operations of their sort of business -facilities according to the totality of circumstances in order to prevent harm to others.

46. The Plaintiffs allege that, the conduct by Defendant GEO, WELLPATH and DOES 1-100 as laid out above, was substantial factor (s) in proximately causing the

Decedent's death. Furthermore, but for their negligence in regard the hiring, training, supervising, and retention of employees as stated above, the Decedent would not have died, and plaintiffs would not have lost their dad.

47. Each of the above actions and/or inactions affirmatively has contributed to, was a substantial factor in, and proximately caused, harm to the Plaintiffs. Including, the loss of the love, society, comfort, attention, affection, solace, companionship, services, support of their father, in an unlimited general damage amount[s] that will be proven at trial.

48. Each of the above conduct by the negligent actions and/or negligent inactions affirmatively contributed to, was a substantial factor in, and has proximately caused damages both to the Plaintiffs (wrongful death) and to the Decedent by way of pre-Death pain and suffering. Thus, the Plaintiffs bring a Survival Claim for Damages as the proper personal legal representatives acting on the Decedent behalf for all the survival damages that their father would be entitled under the law to recover had he survived.

## **THIRD CLAIM FOR RELIEF**

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against Defendant GEO, WELLPATH and DOES 1-100)**

49. Plaintiffs allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

50. Plaintiffs allege that Defendants' DOES 1-100 conduct was outrageous when they denied Decedent prompt and adequate medical attention despite evident need for it while he was under their custody, supervision, and care. Their failure to provide adequate care and supervision to him when his condition was progressively deteriorating was done intentionally and/or with reckless disregard of the probability that Decedent would suffer emotional distress, which he did suffer as result of the Defendants' conduct. He knew and felt his condition was worsening, Defendants

ignored his pleads for proper medical attention, and therefore disregarded the infliction of emotional distress caused to Mr. Garcia Aviles.

51. The emotional distress he felt must have been unmeasurable. After all, the Defendants actions and omissions not only caused him emotional distress but eventually led to his agonizing slow but deeply felt death.

52. At all relevant times, GEO, WELLPATH and DOES 1-6 were the employers of Defendant DOES 7-100. Therefore, at all relevant times, they were acting within the scope of their employment. Thus, according to the generally known judicial doctrine of *Respondent Superior Liability*, GEO, WELLPATH, and DOES 1-6 are vicariously liable for the wrongful conduct of their employees because they have been committed within the course and scope of their employment.

53.

54. Therefore, because the outrageous conduct of the Defendants was a substantial factor in causing the Decedent severe emotional distress, the Plaintiffs bring a Survival Claim for Damages as the proper legal representatives acting on behalf of DECEDENT, for all pre-death damages that he would be entitled under the law to recover had he survived.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF CALIFORNIA GOVERNMENT CODE §7320**

**(Against Defendant "GEO,WELLPATH, and DOES 1-6")**

55. Plaintiffs allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

56. At all relevant times, Defendant GEO was a private detention facility operator of the Adelanto facility and WELLPATH, and DOES 1-6 were agents or independent contractors of GEO.

57. As such, Defendants GEO, WELLPATH, and DOES 1-6, as well as their agents, persons acting on behalf of them, and their employees had to comply with, and adhere

to, the detention standards of care and confinement agreed upon in the facility's contract for operations, including ICE Performance Based National Detention Standards (PBNDS).

58. Plaintiffs allege that, at all relevant times, The Defendants GEO, WELLPATH, DOES 1-6 and their DOE employees 7-100 violated the PBNDS among multiple other laws, regulations, manuals, requirements, and memorandums, by failing to provide appropriate care and supervision to the detainees at Adelanto, specifically to Decedent.

59. With their negligent actions and omissions, Defendants breached the duty of care they owed to the Decedent as a person under their full custody and supervision that was detained pending immigration proceedings.

60. Hence, because of Defendant's violation of the detention standards of care and confinement, the Decedent was wrongfully killed, and wrongful damages as well as survival claim damages are warranted by the law thus requested by the Plaintiffs.

## FIFTH CLAIM FOR RELIEF

## VIOLATION OF TOM BANE CIVIL RIGHTS ACT

**(Against All Defendants)**

61. Plaintiffs allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

62. At all relevant times, DECEDENT had, as an immigration detainee, the right to adequate medical care under the Due Process Clause of the Fifth and Fourteenth Amendment.

63. California Civil Code §52.1 et al (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights. Thus, the Bane Act authorizes a private right of action for damages to any person whose constitutional rights are violated.

64. The Plaintiffs allege that Defendants interfered with and attempted to interfere with Decedent's exercise and enjoyment of the rights secured by the Constitution and laws of the United States and the State of California by means of threat, intimidation, and coercion.

65. Defendants' conduct constituting threat, intimidation, and coercion includes, but is not limited to:

- Failing to properly screen Decedent's health status at the time of his arrival at the Adelanto facility. A proper screening would have revealed the obvious and severe symptoms (tremors, difficulty walking, confusion, and generalized weakness) that Decedent was exhibiting since arrival. A reasonable employee would have recognized his urgent need for medical assistance.
- Confining Decedent in deplorable, unconstitutional conditions of detention (including lack of proper clean water, lack of proper healthy meals, cold and dirty housing locations, lack of proper supervision) that put the Decedent at a substantial risk of death despite them knowing the health risks posed by such conditions of confinement.
- Failing to perform proper medical examinations in response to Decedent's complaints and ignoring his pleads for medical assistance.
- Denying Decedent timely and adequate access to necessary medical care despite knowledge of his serious medical condition (alcohol withdrawal syndrome) and the obvious severe symptoms he was exhibiting (tremors, difficulty walking, confusion, and generalized weakness).
- Subjecting Decedent to deliberate indifference and willful disregard of his serious medical needs even though the Defendants were aware of his preexisting medical condition (alcohol withdrawal syndrome).
- Denying Decedent his right to communicate with his family or an attorney while in custody and even while at the hospital while his health was deteriorating.

- Maintaining policies, practices, and customs that systematically violate the constitutional rights of detainees.
- Failing to intervene to prevent the ongoing violation of Decedent's constitutional rights.

66. DEFENDANTS knew or should have known that the above conduct violated Decedent's clearly established constitutional rights.

67. Plaintiffs allege that Gabriel Garcia reasonably believed and understood that the above conduct by DEFENDANTS was objectively unreasonable considering his status as an immigration detainee under their custody.

68. DEFENDANTS acted with specific intent to preclude him from exercising the above civil rights, to retaliate against him for invoking or de facto attempting to exercise such fundamental rights, to prevent him from exercising any rights, or alternatively, with reckless disregard of Decedent's clearly established constitutional rights.The conduct of DEFENDANTS was a substantial factor in causing the harm alleged, the serious injuries, and ultimately the death of a hardworking father without justice procedures. The above is the direct legal cause of the damages of the PLAINTIFFS under The Bane Act.

69. The PLAINTIFFS seek survival damages under this claim as successors-in-interest to DECEDENT.

70. The PLAINTIFFS also seek costs and attorney fees under this claim pursuant to Civ. Code, §52.1(h)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against the Defendants as follows:

A. For General Damages according to proof at trial. (CA Wrongful Death Damages)

B. For survival damages suffered by the decedent pursuant to California Code of Civil Procedure §377.34 (b).

C. For any pre-judgment interest and all other interest recoverable under the law.

D. For costs of this suit incurred herein.

E. For Attorney's Fees and Expert Witness costs pursuant to Section 7320 of the California Government Code.

F. For Attorney's fees and costs pursuant to California Civil Code, Section 52.1(h).52 (The Bane Act)

G. For such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby expressly demand a trial by Jury.

Respectfully Submitted by:

Date: July 17, 2026 *_/S/Jesus Eduardo Arias Esq., LL.M._*

Attorney for the Plaintiffs