KENDRA N. STARK (SBN: 363663)
kstark@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
WELLPATH, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| GABRIEL ALEJANDRO GARCIA and MARIEL GARCIA MORA,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GEO GROUP, INC, WELLPATH LLC, and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO. 5:25-cv-03614-KK-DTB<br><br>**DEFENDANT WELLPATH, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**(JURY TRIAL DEMANDED)**<br><br>Judge: Kenly Kiya Kato<br><br>Complaint filed: Dec. 31, 2025 |

Defendant Wellpath, LLC answers Plaintiffs' First Amended Complaint for Damages ("FAC" or "Complaint") as follows:

## INTRODUCTION

Wellpath, LLC denies the allegations contained in this Introduction, that Plaintiffs are entitled to any of the relief requested, that Wellpath committed any wrongful conduct or omission, whether alleged or otherwise, and that any conduct or omissions of Wellpath caused any injury or damage to Plaintiffs in the sum or manner alleged, or in any other sum or manner, or at all.

Wellpath objects to the allegations in the introduction as argumentative. No response is required. To the extent a response is required, Wellpath denies the allegations in this paragraph and denies all liability in this action.

## JURISDICTION AND VENUE



Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 1 and therefore denies them at this time.

2. Denied.

3. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 3 and therefore denies them at this time.

**THE PARTIES**

4. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 4 and therefore denies them at this time.

5. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 5 and therefore denies them at this time.

6. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 6 and therefore denies them at this time.

7. Paragraph 7 does not call for a response. To the extent a response is required, admitted.

8. Denied as to Wellpath.

9. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 9 and therefore denies them at this time.

10. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 10 and therefore denies them at this time.

11. Wellpath denies that it was an independent contractor of Defendant GEO Group at the relevant times in the Complaint. Wellpath lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 11 and therefore denies them at this time.

12. Denied.

13. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 13 and therefore denies them at this time.

14. Denied as to Wellpath.

15. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 15 and therefore denies them at this time.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

16. Wellpath repeats and reasserts its responses to the previous paragraphs in its Answer.

17. Denied as to Wellpath.

18. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 18 and therefore denies them at this time.

19. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 19 and therefore denies them at this time.

20. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 20 and therefore denies them at this time.

21. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 21 and therefore denies them at this time.

22. Denied as to Wellpath.

23. Denied as to Wellpath.

24. Denied as to Wellpath.

25. Denied as to Wellpath.

26. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 26 and therefore denies them at this time.

27. Denied as to Wellpath. Wellpath lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 27 and therefore denies them at this time.

28. Denied as to Wellpath. Wellpath lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 28 and therefore denies them at this time.

29. Denied as to Wellpath.

30. Denied as to Wellpath.

31. Paragraph 31 is a legal conclusion for which no response is required. To the extent a response is required, denied. Wellpath specifically denies that Plaintiffs are entitled to any recovery from it.

**FIRST CLAIM FOR RELIEF**

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

32. Wellpath repeats and reasserts its responses to the previous paragraphs in its Answer.

33. Denied as to Wellpath.

34. Denied as to Wellpath.

35. Denied as to Wellpath.

36. Denied as to Wellpath, including all subparts.

37. Denied as to Wellpath.

38. Denied as to Wellpath.

39. Denied as to Wellpath.

40. Denied as to Wellpath.

41. Denied as to Wellpath.

42. Denied as to Wellpath.

**SECOND CLAIM FOR RELIEF**

43. Wellpath repeats and reasserts its responses to the previous paragraphs in its Answer.

44. Denied as to Wellpath.

45. Denied as to Wellpath, including all subparts.

46. Denied as to Wellpath.

47. Denied as to Wellpath.

48. Denied as to Wellpath.

**THIRD CLAIM FOR RELIEF**

49. Wellpath repeats and reasserts its responses to the previous paragraphs in its Answer.

50. Denied as to Wellpath.

51. Denied as to Wellpath.

52. Denied as to Wellpath.

53. This is an empty paragraph in the 1st Amended Complaint and requires no response.

54. Denied as to Wellpath.

**FOURTH CLAIM FOR RELIEF**

55. Wellpath repeats and reasserts its responses to the previous paragraphs in its Answer.

56. Denied as to Wellpath.

57. Denied as to Wellpath.

58. Denied as to Wellpath.

59. Denied as to Wellpath.

60. Denied as to Wellpath.

**FIFTH CLAIM FOR RELIEF**

61. Wellpath repeats and reasserts its responses to the previous paragraphs in its Answer.

62. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 62 and therefore denies them at this time.

63. Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, denied for lack of sufficient knowledge or information.

64. Denied as to Wellpath.

65. Denied as to Wellpath, including all subparts.

66. Denied as to Wellpath.

67. Denied as to Wellpath.

68. Denied as to Wellpath.

69. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 69 and therefore denies them at this time. Wellpath specifically denies that Plaintiffs are entitled to recover any damages from it.

70. Wellpath lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 70 and therefore denies them at this time. Wellpath specifically denies that Plaintiffs are entitled to recover any damages from it.

**ALL ALLEGATIONS NOT EXPRESSLY ADMITTED HEREIN ARE DENIED.**

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## AFFIRMATIVE DEFENSES

Wellpath also asserts the following separate and independent affirmative defenses and prays for judgment as set forth below. Wellpath has not yet completed a thorough investigation or undertaken discovery of the facts and circumstances of the subject matter of the Complaint, and accordingly, reserves the right to amend, modify, revise or supplement this Answer, and to plead such further defenses and take such further actions as they may deem proper and necessary in their defense upon further investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs are estopped from claiming any injury, loss or damages because Plaintiffs and/or Decedent failed to make reasonable efforts to prevent or mitigate any such injury, loss or damages.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of laches, estoppel and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Wellpath is not liable to Plaintiffs, in whole or in part, because the losses or harm that Plaintiffs allegedly suffered were not caused by any act or omission of Wellpath.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any damages or harm whatsoever by reason of the conduct alleged against Wellpath, and, by reason of the foregoing, Plaintiffs lack standing and are otherwise barred from any relief against Wellpath and barred from prosecuting this action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to join necessary or indispensable parties.

### SIXTH AFFIRMATIVE DEFENSE

Wellpath does not have supervisory liability or vicarious liability for any act or omission alleged in Plaintiffs' Complaint.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**SEVENTH AFFIRMATIVE DEFENSE**

This Complaint is barred by the relevant portions of the California Government Code, including, but not limited to sections 815, 815.2, 818.2, 820.2, 820.4, 820.6, 820.8, 821, 844.6(a)(20), 845.6, 855.6, 855.8, 856, and 856.4.

**EIGHTH AFFIRMATIVE DEFENSE**

Wellpath asserts that it is entitled to immunities provided by the California Business & Professions Code §§ 2395, 2396 and 2397.

**NINTH AFFIRMATIVE DEFENSE**

Wellpath did not deprive Plaintiffs or Decedent of any rights, privileges or immunities guaranteed by the Constitution, the laws of the United States, and the laws of California.

**TENTH AFFIRMATIVE DEFENSE**

Wellpath asserts that Plaintiffs have failed to comply with the Code of Civil Procedure § 425.13(a) with respect to their alleged claim for punitive damages against medical care providers, and with respect to any alleged claim against such health care providers under California statutes.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent the Complaint seeks punitive damages, it violates Wellpath's rights to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and it further violates their rights to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article 1, Section XVII of the Constitution of the State of California. It further violates the Wellpath's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

**TWELFTH AFFIRMATIVE DEFENSE**

Wellpath alleges that Plaintiffs and/or Decedent did not exercise ordinary care, caution or prudence to avoid the happening of the incident complained of herein, and said incident and the

injuries and damages, if any, sustained by Plaintiffs were directly and proximately caused and contributed to by the negligence of Plaintiffs and/or Decedent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Damages for alleged attorneys' fees are limited in this action by the provisions of Prison Litigation Reform Act, as described by the Ninth Circuit decision of *Madrid v. Gomez*, 172 F.3d 1252 (9th Cir. 1999), in that Decedent was an inmate during the times of the events alleged as misconduct in this lawsuit.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state facts sufficient to constitute a cause of action against Wellpath.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Wellpath asserts that the injuries and damages of which Plaintiffs complain, if any, were proximately and legally caused or contributed to by the acts of other persons and/or entities, which acts were an intervening and/or superseding cause of the alleged injuries and damages, if any, thus barring Plaintiffs from recovery against Wellpath.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any award of non-economic damages in any judgment must be reduced or adjusted proportionally, so that Wellpath's percentage of fault as determined by the jury shall be reflected in the verdict. (Civil Code § 1431 et. seq).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Wellpath alleges that Government Code § 818 bars any award of punitive damages sought to be assessed against it.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Wellpath presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available. Wellpath reserves herein

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Wellpath, LLC prays for judgment as follows:

1. That this action be dismissed in its entirety, with prejudice;
2. That judgment be entered in favor of Wellpath and against Plaintiffs;
3. That Wellpath be awarded costs of suit and attorneys' fees incurred herein; and
4. For such and other further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Wellpath hereby demands a trial by jury.

Dated: August 3, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Kendra N. Stark*
Kendra N. Stark
Attorneys for Defendant
Wellpath, LLC

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**CERTIFICATE OF SERVICE**
*Gabriel Alejandro Garcia, et al. v. The Geo Group, Inc., et al.*
USDC Central District of California Case No.: 5:25-cv-03614-KK-DTB

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 315 Pacific Avenue, San Francisco, CA 94111. On the date below, I served the within documents:

**DEFENDANT WELLPATH, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**

☐ **BY U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed as set forth below pursuant to Federal Rules of Civil Procedure 5(b)(C).

☐ **BY PERSONAL SERVICE BY CAUSE**. I caused to be personally delivered the document(s) listed above to the person(s) set forth below pursuant to Federal Rules of Civil Procedure 5(b)(2)(B).

☐ **BY ELECTRONIC MAIL** by transmitting via electronic mail the document(s) listed above to the address(es) listed below on this date before 5:00 pm pursuant to FRCP 5(b)(2)(E).

☐ **BY OVERNIGHT DELIVERY**: by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by Federal Express as part of the ordinary business practices of Gordon & Rees LLP, addressed as set forth below.

☒ **BY ELECTRONIC SERVICE** through the CM/ECF System which automatically generates a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3).

***Attorneys for Plaintiffs***

Jesus Eduardo Arias, Esq., LL.M.
1150 S. Olive St. Sixth Floor
Los Angeles, CA 90015
jearias@jesuseduardoarias.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 3, 2026** at San Jose, California.

*/s/ Kendra N. Stark*
Kendra N. Stark